JjCIACCIO, Judge.
Defendant-Relator, The Wellcome Foundation Limited, an English Corporation, seeks this court’s supervisory jurisdiction to review the district court’s denial of its decli-natory exception of lack of in personam jurisdiction.
This matter arises out of a class action petition filed by plaintiffs, Michael Varda-man, Teresa Anshus, and Lynne Grunauer, in Civil District Court, Orleans Parish, State of Louisiana, on behalf of themselves and a proposed class of all commercial airline pilots and flight attendants.[1] The petition named as defendants Airosol Company, Inc., Sumi-tomo Chemical America, Inc., McLaughlin Gormley King Company, Glaxo Wellcome Inc., and The Wellcome Foundation Limited. Plaintiffs alleged that certain insecticides manufactured by defendants were used in occupied cabins of commercial airlines on international flights[2] and caused the plaintiffs to sustain injuries within the State of Louisiana. Specifically, plaintiffs alleged that they were exposed to a residual insecticide manufactured by relator known as “Perigen” while serving as flight attendants on international flights. They further alleged that the United States Environmental Protection Agency prohibits the use of an active ingredient in Perigen, permethrin, to be used in occupied aircraft andjjlists it as a possible carcinogen.
The Wellcome Foundation filed a declina-tory exception of lack of in personam jurisdiction, arguing plaintiffs’ allegations were insufficient to establish that it sold, marketed or delivered Perigen, or engaged in any act purposely directed to any state in the United States. In view of this, relator argues that the Orleans Parish Civil District Court cannot validly exercise in personam jurisdiction over it under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
In Louisiana, the Long Arm Statute, LSA-R.S. 13:3201, provides for personal jurisdiction over non-residents. Superior Supply Co. v. Associated Pipe & Supply, 515 So.2d 790 (La.1987). The sole inquiry under the Long Arm Statute is whether the assertion of jurisdiction complies with constitutional due process. LSA-R.S. 13:3201 B. Due process requires that in order to subject a nonresident defendant to personal jurisdiction, the defendant must have certain “minimum contacts” with the forum state such that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); de Reyes v. Marine Mgt. and Consulting Ltd., 586 So.2d 103 (La.1991).
The “minimum contacts” inquiry is further subdivided into whether the nonresident has “contacts” that give rise to “specific jurisdiction” or those that give rise to “general jurisdiction.” de Reyes, 586 So.2d at 105. Specific jurisdiction exists when the cause of action arises from, or is directly related to, the nonresident’s contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). If the non-resident has no contacts directly related to the cause of action, “general jurisdiction” will attach only if the nonresident has ^“continuous and systematic” contacts with the forum state, de Reyes, 586 So.2d at 115. Compared to specific jurisdiction, contacts of a more extensive nature and quality are required for general jurisdiction. Id.
The burden of proving minimum contacts lies with the party claiming jurisdic *1377 tion to be proper, de Reyes, 586 So.2d at 106. Although reasonable inferences are drawn in favor of the non-moving party, courts are bound to look solely at the factual allegations of the complaint and the evidence submitted by the parties in determining whether jurisdiction exists. Id.
In support of its argument that the trial court lacked personal jurisdiction over it, relator submitted the affidavit of Simon Bicknell, Assistant Company Secretary of The Wellcome Foundation Limited. Bick-nell’s affidavit states that relator is an English Corporation with its principal place of business in London; it has no offices in Louisiana; it owns no real or personal property in Louisiana; it is not and has never been licensed to do business in Louisiana; it has never marketed or sold any product in Louisiana; and, it has never conducted business in Louisiana.
Bieknell’s unrebutted affidavit establishes that relator has no continuous and systematic contacts with Louisiana at all, thereby defeating plaintiffs’ claim that the trial court had general jurisdiction over it. Thus, the issue is whether an exercise of specific jurisdiction over relator is constitutionally proper.
The United States Supreme Court, in its landmark decision of World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), held that a defendant’s placing its product into the stream of commerce, with the actual expectation that the product will be purchased in the forum state, is enough to constitute minimum contacts. 444 U.S. at 298, 100 S.Ct. at 567. The Court, however, ruled that the foreseeability that the stream of commerce might sweep a product into a particular state, alone, is not sufficient Uto confer personal jurisdiction. The Court stated:
... [t]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that defendant’s conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.
Worldr-Wide Volkswagen Corp., 444 U.S. at 295-298, 100 S.Ct. at 566-567 (1980). The Court explicitly held that for a court to exercise specific jurisdiction over a non-resident defendant there must be a sale or distribution of the non-resident defendant’s product with the expectation that it will be purchased in the forum state. The Court stated:
... [I]f the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise there has been the source of injury to its owner or to others. The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.
World-Wide Volkswagen Corp., 444 U.S. at 295-298, 100 S.Ct. at 566-567.
In opposition to relator’s writ application and arguing that specific jurisdiction exists, plaintiffs contend that relator manufactured Perigen for the specific purpose that it be used for aircraft disinsection. They further contend that relator injected the product into the stream of commerce, expecting that it would be distributed and used on American airliners knowing that American flight attendants and pilots would be exposed to Perigen on every trip flown to foreign countries requiring disinsection of airplanes and, because these flight attendants and pilots can reside anywhere in the United States, it was foreseeable that Louisiana residents would have been injured. Plaintiffs, 15however, rely solely on their petition for damages in opposing relator’s declinatory exception of lack of in personam jurisdiction. In reviewing plaintiffs’ petition, we find plaintiffs failed to allege that relator sold, marketed or delivered Perigen, or engaged in any act purposely directed to Louisiana or any state in the United States. Moreover, reading the petition in a light favorable to plaintiffs, the only inferred association with relator’s alleged selling or marketing practices is in the foreign nations of Central and *1378 South America, the Caribbean, Australia, New Zealand, Africa and Europe.
Allegations of a product’s sale or distribution in a foreign country do not meet the requirement established in World-Wide Volkswagen Corp. that a forum state cannot exercise jurisdiction absent the placement of a product into the stream of commerce for the sale or distribution of the product in the forum state. Because plaintiffs’ petition fails to state the sale or distribution of Perigen in Louisiana, we find that the plaintiffs have not met their burden of proving that a Louisiana court can properly exercise in personam jurisdiction over relator. Hence, the trial judge erred in denying The Wellcome Foundation Limited’s declinatory exception of lack of in personam jurisdiction.
Accordingly, that part of the July 30, 1997 trial court judgment denying The Wellcome Foundation Limited’s exception to personal jurisdiction is reversed.

REVERSED.

. Vardaman was a resident of New Orleans when suit was filed, but later moved to Nevada. The other two plaintiffs reside in Kansas and Minnesota.

. According to plaintiffs' petition, pursuant to the Convention on International Civil Aviation, 61 Stat. 1180 (1947), the treatment of commercial aircraft to kill insects has been an established practice around the world since the 1960's. In 1979, the Center for Disease Control and Prevention discontinued the requirement of spraying aircraft arriving into the United States. Despite the prohibition of use of insecticide products by the United States, many countries around the world still require disinsection.